Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

JAMES K. TAM                    1485-0
E mail:  jkt@ahfi.com
SHELLIE K. PARK-HOAPILI   7885-0
E mail:  sph@ahfi.com
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591

Attorneys for Plaintiffs
TRUSTEES OF THE PAMCAH-UA
LOCAL 675 TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‛I

| | |
|---|---|
| TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS (Herbert S.K. Kaopua, Sr., Robert M. Fernandez, Lovell K. Ka'opua, Sr., Patrick K. Kanekoa, Kent A. Matsuzaki, and Mark K. Suzuki), by and through their Administrator, PATSY T. SHIMIZU, <br><br> Plaintiffs, <br><br> vs. <br><br> AFFORDABLE PLUMBING, INC., <br><br> Defendant. | CIVIL NO. CV06 00328 SPK LEK <br><br> **MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT** <br><br> <u>Hearing</u>: <br> Date: November 13, 2006 <br> Time: 10:00 a.m. <br> Judge: Hon. Leslie E. Kobayashi |

**MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION
TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT**

On June 19, 2006, Plaintiffs TRUSTEES OF THE PAMCAH-UA

LOCAL 675 TRUST FUNDS ("Plaintiffs" or the "Trust Funds"), by and

through their attorneys, Alston Hunt Floyd & Ing, filed this

631017/6251-31

action for specific performance, assumpsit and damages against Defendant AFFORDABLE PLUMBING, INC. ("Defendant"), alleging that Defendant materially breached collective bargaining and trust agreements (hereinafter referred to as "Agreements") entered into by the Defendant and the Plumbing & Mechanical Contractors Association of Hawai`i and Local 675 of the United Association of Journeymen and Apprentice Plumbers & Pipefitters of the U.S. & Canada, AFL-CIO ("Union").  The Trust Funds claim that Defendant failed to timely submit all monthly employee benefit contribution reports as required under the Agreements, failed to timely submit payments due on said reports, failed to pay any and all liquidated damages incurred upon their untimely submittal of contribution payments, and failed to produce payroll records in order to accomplish an audit, all notwithstanding numerous demands by Plaintiffs.

Jurisdiction of this Court is based on 29 U.S.C. § 185(a) of the Labor-Management Relations Act of 1947, as amended, and 29 U.S.C. § 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.  Service of process was made on Defendant through its President, Scott S. Mineshima, on June 23, 2006, as evidenced by the Return of Service, filed herein on July 3, 2006.  On July 19, 2006, this Court entered Defendant's default for its failure to respond to or otherwise defend as to the Complaint filed herein.

On September 11, 2006, the Trust Funds filed a *Motion For Default Judgment Against Defendant Affordable Plumbing, Inc.* ("Motion"), seeking an order compelling Defendant to pay its delinquent contributions of $8,358.00, plus liquidated damages of $835.80, for a total amount of $ 9,193.80, for the months of February 2006 through July 2006, and permitting the Trust Funds to audit Defendant's payroll books and records in accordance with those certain agreements.  The Trust Funds later filed a supplemental declaration stating that the total amount of delinquent contributions for the months of February 2006 through September 2006, was $11,144.00, plus liquidated damages in the amount of $1,114.40, for a total amount of $12,258.40.

In addition, the Trust Funds requested an award of reasonable attorneys' fees and costs, which would be supported by a declaration of counsel, submitted with these findings and recommendations.

The Motion was heard on November 13, 2006 with appearance being made by Shellie K. Park-Hoapili, Esq. for Plaintiffs.  No other party or counsel made an appearance.

## FINDINGS OF FACT

Having reviewed the Trust Funds' Motion, the Declaration and Supplemental Declaration of Patsy T. Shimizu, the Declaration and Supplemental Declaration of Shellie K. Park-Hoapili and the record established in this action, the Court finds as follows:

Each of the Trust Funds was and is an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawai`i.  At all times relevant herein, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 1002 and 1003).

1. Defendant is and was at all relevant times herein a Hawai`i corporation doing business in the State of Hawaiʻi.

2. Defendant entered into the Agreements with the Union covering all plumbers, mechanical contractors, and other workers described in the Agreements (hereinafter referred to collectively as "plumber and mechanical contractor" or "plumbers and mechanical contractors") employed by Defendant in the State of Hawaiʻi.

3. Under the Agreements, Defendant must report to the Trust Funds on the 25th day of each month the hours worked by each plumber and mechanical contractor employee during the previous month.

4. Under the Agreements, Defendant must contribute to the Trust Funds on the 25th day of each month sums of money to be held in trust by Plaintiffs as employee benefits for Defendant's plumber and mechanical contractor employees.  Those contributions are calculated by multiplying the hours worked the previous month

by Defendant's plumber and mechanical contractor employees by the applicable contribution rates specified in the Agreements.

5.   Under the Agreements, Defendant further promised that if any monthly contributions were past due, Defendant would pay liquidated damages calculated at 10% for the period beginning on the first date of the delinquency and ending on the 25th day of the month following the date the contributions become delinquent, and thereafter calculated at 20% of the delinquent amount.

6.   Under the Agreements, Defendant further promised to provide the Trust Funds with any documentation and information required by the Trust Funds to verify whether or not Defendant was reporting the correct hours worked each month and whether or not the Defendant was paying the correct contribution sums to the Trust Funds.

7.   Also under the Agreements, Defendant further promised that if the Trust Funds brought legal action to enforce the Agreements against Defendant, Defendant would pay all of the Trust Funds court and audit costs, audit fees, and reasonable attorneys' fees of 25% of the total amount of contributions and damages due.

8.   Defendant breached the Agreements and is liable to the Trust Funds thereunder by its continuous failure to perform under the terms of the Agreements, including (1) not timely paying the Trust Funds the employee benefit trust fund

contributions owed by Defendant for work performed by its plumber and mechanical contractor employees during the period of February 2006 through September 2006; and (2) not timely paying the Trust Funds liquidated damages owed for those unpaid contributions.

9.   Defendant is not an infant or an incapacitated person and has not sought to set aside its default in this action.

10.  The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise.

11.  Defendant failed to pay the Trust Funds contributions in the amount of $11,144.00, plus liquidated damages in the amount of $1,114.40, for a total of $12,258.40, for the periods of February 2006 through September 2006.

12.  The Trust Funds' attorneys' fees and costs are also mandated under the Agreements and 29 U.S.C. § 1132(g)(2)(D).

13.  As of November 14, 2006, the Trust Funds have incurred the sum of $4,365.35 in attorneys' fees, which includes general excise taxes, and $487.06 in costs in this action, for a total of $4,852.41, as evidenced by the supplemental declaration of counsel and submitted with these findings and recommendations. The Court has reviewed the declaration of counsel and has determined the amount of reasonable attorneys' fees and costs to be awarded.

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Default Judgment be granted in favor of Plaintiffs and against Defendant in the total amount of **$15,809.66** for delinquent contributions of $11,144.00, liquidated damages of $1,114.40, attorneys' fees of $3,064.60, costs of $486.66, as described herein.

DATED:  Honolulu, Hawai`i, November 27, 2006.



　　　　　　　　　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States Magistrate Judge

---

*Trustees of the PAMCAH-UA Local 675 Trust Funds v. Affordable Plumbing, Inc.;* Civil No. CV06 00328 SPK LEK (D. Haw.); **MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT**